UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EUGENE E. ISAACSON,

    Plaintiff,

v.

Case No. 2:08-cv-223
HON. ROBERT HOLMES BELL

CLIFFS RIVER MARINA, et al.,

    Defendants.
_____/

EUGENE E. ISAACSON,

    Plaintiff,

v.

Case No. 2:08-cv-291
HON. ROBERT HOLMES BELL

SHAWN BERRIGAN, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Eugene E. Isaacson, a resident of Gwinn, Michigan, filed these related cases pursuant to 28 U.S.C. § 1333. In *Isaacson v. Cliffs River Marina, et al.*, 2:08-cv-223, Plaintiff claims that his vessel, the Gray Fin, was wrongly seized and held while improperly moored in front of a piece of property in California. The court notes that both the property at issue and the allegedly unlawful conduct occurred in California. In addition, it appears that the named defendants, Cliff's River Marina and Robert McDaris, are located in Sacramento, California. On September 23, 2008, the court issued an order for Plaintiff to show cause why his action should not be dismissed for lack

of subject matter and/or personal jursidiction (docket #4). Plaintiff has now filed a response to this order.

In Plaintiff's response (docket #5), he states that his ship was never moored, but was legally anchored in the Sacramento River, which is a navigable waterway. Plaintiff states that there is no anchor restriction in the Sacramento River and that his conduct in anchoring his ship in that location was a "traditional maritime activity." The United States Supreme Court has previously held that the storage and maintenance of a boat at a marine on navigable waters has a substantial relationship to a "traditional maritime activity." *Sisson v. Ruby*, 497 U.S. 358, 365 (1990). In addition, Justice Scalia noted that a vessel engages in traditional maritime activity when it navigates, when it lies in dock, and "when it does anything else (*e.g.,* dropping anchor) that vessels normally do in navigable waters." *Id.* at 374 (concurring op.) Therefore, it appears that the district court has subject matter jurisdiction.

However, as noted in the order to show cause, Plaintiff has not shown that the court could obtain personal jurisdiction over Defendants. In *Fortis Corporate Insurance v. Viken Ship Management*, 450 F.3d 214 (6th Cir. 2006), the Sixth Circuit addressed whether the exercise of specific personal jurisdiction over vessel owners was reasonable:

> To establish personal jurisdiction, a plaintiff must show that (1) the defendant had "'minimum contacts' with the forum state such that defendant should 'reasonably anticipate being haled into court there,'" and (2) "'the exercise of jurisdiction comport[s] with traditional notions of fair play and substantial[ ]justice.'" The "'constitutional touchstone' of personal jurisdiction 'remains whether the defendant purposefully established minimum contacts in the forum state.'" "In the Sixth Circuit, 'the emphasis in the purposeful availment inquiry is whether the defendant has engaged in some overt actions connecting the defendant with the forum state.'"

*Id.* at 218 (footnotes omitted). In this case, Plaintiff fails to allege that either of the named Defendants had any contact at all with the State of Michigan. Therefore, the undersigned recommends that this case be dismissed for lack of personal jurisdiction.

In addition, the undersigned notes that Plaintiff has filed a related case, *Isaacson v. Berrigan, et al.*, 2:08-cv-291, in which he names as Defendants Shawn Berrigan, Diane House, Edward A. Baughman, Jay Coakley, Thomas Decker, and Robert McDaris, all of whom reside in California. Plaintiff claims that the above Defendants conspired to illegally seize and hold Plaintiff's vessel. In the body of Plaintiff's complaint, he fails to allege that any of these Defendants had any contact at all with Michigan, the forum state. Therefore, *Isaacson v. Berrigan, et al.*, 2:08-cv-291, should also be dismissed for lack of personal jurisdiction.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: December 16, 2008